IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ISABEL MONJARAS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. H-12-2689 |
| | § | |
| CAROLYN W. COLVIN, COMMISSIONER | § | |
| OF THE SOCIAL SECURITY | § | |
| ADMINISTRATION,[1] | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Before the Court[2] in this social security appeal is Defendant's Motion for Summary Judgment (Document No. 11) and Plaintiff's Cross Motion for Summary Judgment (Document No. 12). After considering the cross motions for summary judgment, each sides' Response to the other's Motion for Summary Judgment (Document Nos. 13 &14), the entire administrative record, including the testimony of the medical expert at the administrative hearing, the written decision of the Administrative Law Judge, and the applicable law, the Court ORDERS, for the reasons set forth below, that Plaintiff's Motion for Summary Judgment is GRANTED and this case is REMANDED pursuant to 42 U.S.C. § 405(g) for consideration of new evidence.

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, she is substituted for Michael J. Astrue as the defendant in this case.

[2] On March 1, 2013, pursuant to the parties' consent, this case was transferred by the District Judge to the undersigned Magistrate Judge for all further proceedings. *See* Document No. 9.

I.      **Introduction**

Plaintiff Isabel Monjaras ("Monjaras") brings this action pursuant to Section 205(g) of the Social Security Act ("Act"), 42 U.S.C. § 405(g), seeking judicial review of a partially adverse final decision of the Commissioner of the Social Security Administration ("Commissioner") on her claim for disability insurance benefits.  Monjaras argues in this appeal that: (1) "New evidence, received after the hearing, would have materially changed the outcome of the hearing had it been presented to the ALJ;" (2) "The ALJ wholly failed to acknowledge certain evidence favorable to Plaintiff;" (3) "The ALJ erred in substituting his own opinion for that of the medical expert;" (4) "The ALJ erred in failing to conduct a meaningful evaluation of plaintiff's credibility;" (5) "The ALJ failed to properly consider the side effects from the plaintiff's multiple medications on plaintiff's ability to work, as required by SSR 96-7p and SSR 96-8p;" (6) "The ALJ erred in failing to obtain an updated medical opinion of a medical expert as to the medical equivalency of plaintiff's combined physical and mental impairments" and "failed to consult a medical expert regarding plaintiff's RFC in light of plaintiff's combined physical and mental impairments;" and (7) "The ALJ erred in failing to consider the non-exertional impairment of pain and its effects on the plaintiff's ability." Plaintiff's Motion for Summary Judgment (Document No. 12) at 5, 7, 8, 9, 10 and 11.  The Commissioner, in contrast, argues that there is substantial evidence in the record to support the ALJ's decision, that the decision comports with applicable law, and that the decision should be affirmed.

**II.     Procedural History**

On October 7, 2010, Monjaras filed an application for disability insurance benefits, claiming that she has been unable to work since September 19, 2010, as a result of a cancerous tumor on her spine, status post surgical spinal fusion, nerve damage, leg and back pain and weakness, herniated discs, diabetes, hypertension, and urinary incontinence. (Tr. 139-140, 143-148, 237). The Social Security Administration denied the application at the initial and reconsideration stages. After that, Monjaras requested a hearing before an ALJ. The Social Security Administration granted her request and the ALJ, Daniel E. Whitney, held a hearing on April 25, 2012, at which Monjaras' claims were considered *de novo*. (Tr. 28-69). On May 14, 2012, the ALJ issued his decision finding Monjaras disabled between September 19, 2010 and March 23, 2012, but not thereafter, based on his determination of medical improvement. (Tr. 11-22).

Monjaras sought review of the adverse part of the ALJ's decision with the Appeals Council. The Appeals Council will grant a request to review an ALJ's decision if any of the following circumstances are present: (1) it appears that the ALJ abused his discretion; (2) the ALJ made an error of law in reaching his conclusion; (3) substantial evidence does not support the ALJ's actions, findings or conclusions; or (4) a broad policy issue may affect the public interest. 20 C.F.R. § 416.1470. On September 23, 2012, the Appeals Council found no basis for review (Tr. 1-3), and the ALJ's decision thus became final.

Monjaras has filed a timely appeal of the ALJ's decision. 42 U.S.C. § 405(g). The parties have filed cross motions for summary judgment (Document Nos. 11 & 12). The appeal is now ripe for ruling.

**III.**     **Standard for Review of Agency Decision**

Judicial review of a final decision of the Social Security Administration is governed by 42 U.S.C. § 405(g), which provides in pertinent part: "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. . . . The court may . . . at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding."

Under § 405(g), the court's review of a denial of disability benefits is limited "to determining (1) whether substantial evidence supports the Commissioner's decision, and (2) whether the Commissioner's decision comports with relevant legal standards." *Jones v. Apfel*, 174 F.3d 692, 693 (5th Cir. 1999). Indeed, Title 42, Section 405(g) limits judicial review of the Commissioner's decision: "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." The Act specifically grants the district court the power to enter judgment, upon the pleadings and transcript, "affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing" when not supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence," as used in § 405(g) is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. N.L.R.B.,* 305 U.S. 197, 229 (1938). Substantial evidence is "more than a scintilla and less than a preponderance." *Spellman v. Shalala,* 1 F.3d 357, 360 (5th Cir. 1993). The evidence must create more than "a suspicion of the existence of the fact to be established, but no 'substantial evidence'

will be found only where there is a 'conspicuous absence of credible choices' or 'no contrary medical evidence.'" *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983).

With respect to the Court's discretion to remand the cause for rehearing and consideration of additional evidence, sentence six of § 405(g) provides that the Court may "at any time" remand the case for "additional evidence to be taken before the Commissioner of Social Security." However, a remand is supportable under § 405g on the basis of new evidence only when it has been shown that (1) there is "new" evidence; (2) the evidence is "material"; and (3) good cause exists for failing to present the evidence at the administrative level. *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995); *Leggett*, 67 F.3d at 566. Evidence which is merely cumulative of that already in the administrative record is not "new" evidence that would support a remand under § 405g. *See Pierre v. Sullivan*, 884 F.2d 799, 803 (5th Cir. 1989); *Bradley v. Bowen*, 809 F.2d 1054, 1058 (5th Cir. 1987). Evidence that does not relate to the time period for which benefits were denied, as well as evidence of the deterioration of a previously non-disabling condition when the deterioration occurred after the period for which benefits were sought, is not "material" evidence. *Ripley*, 67 F.3d at 555, n.14; *Smith v. Apfel*, 87 F.Supp.2d 621, 627 (W.D. La. 2000). Similarly, when the consideration of the allegedly "new evidence" would not, based on a reasonable probability, result in a different disability determination, the evidence is not "material". *Ripley*, 67 F.3d at 555; *Latham v. Shalala*, 36 F.3d 482, 483 (5th Cir. 1994).

**IV.    Discussion - New Evidence**

Although Monjaras raises several, substantive issues in this appeal, her first issue – that new evidence warrants a remand of this proceeding to the Social Security Administration –  has merit.

5

As discussed by the ALJ in his written decision, a lesion was found on Monjaras' spine in 2010, which was later diagnosed as a plasmacytoma. Monjaras underwent spinal surgery in October 2010, which was followed by 21 weeks of radiation therapy. By February 2012, radiologic studies appeared normal and the medical evidence suggested that Monjaras' condition was in remission. Based on the February 2012 radiologic studies, and the inability of the medical expert to identify any recurrence of Monjaras' tumor or multiple myeloma, the ALJ determined that Monjaras' condition had improved to the point where she could engage in a restricted range of sedentary work.

In this appeal, Monjaras has submitted as new evidence a October 4, 2012, letter from Dr. Ester Tan, Chief of Hematology and Oncology Service at the Dwight David Eisenhower Army Medical Center, revealing Monjaras' "recent relapse and diagnosis of Multiple Myeloma." Exhibit "A" to Plaintiff's Motion for Summary Judgment (Document No. 12). The Commissioner, in response to Monjaras' new evidence arguments, concedes that the evidence is "new" and that Monjaras could not have submitted it earlier, but argues that the evidence does not relate to the time period in question and only shows a "recent diagnosis and treatment plan." Defendant's Reply to Plaintiff's Motion for Summary Judgment (Document No. 14) at 2.

Given the Commissioner's concessions that the evidence is new and that there is good cause for Monjaras not submitting it earlier, the only issue for this Court to resolve is whether the new evidence is material within the meaning of §405(g), sentence six. A fair reading of the record, including, in particular, the testimony of the medical expert at the hearing, convinces the Court that the new evidence of Monjaras' multiple myeloma is material and warrants a remand for rehearing and consideration of any evidence related to Monjaras' "recent relapse and diagnosis of Multiple Myeloma."

Whether Monjaras' cancer was in remission was an issue that was examined and discussed by the ALJ in his written decision. In this regard, the ALJ noted that Monjaras had, as a severe impairment, "status post resection of single plasmacytoma without recurrence." (Tr. 14). He also noted, in his discussion of Monjaras' medical improvement, that Monjaras' follow-up oncology appointment "in February 2012, reflected that the claimant's condition was in remission." (Tr. 18). He again noted "that the claimant's condition was in remission" and pointed to the testimony of the medical expert, Dr. Earl F. Beard, "that there was no evidence of new lesions based in the radiological studies performed in February 2012 . . . [and] no evidence of recurrence of the tumor or multimyeloma." (Tr. 18).

Against the ALJ's reliance on the unremarkable radiological studies from February 2012, however, was additional testimony from Dr. Beard at the hearing, who stated that while the most recent radiological studies did not show any new lesions, he was uncertain about the status of her cancer. That testimony, and his belief while Monjaras' cancer did not meet a listing, it was close in equivalence to a listing, is as follows:

> I gather from this that they think, at least radiologically, the lesions from this tumor and so forth are stable. I'm not sure that that gives us a clear picture of the whole thing, or that the treating doctors are able to give us their picture of this whole thing.

* * *

> I guess what I'm, what I'm trying to do here – I, I can make an estimate for you of what her activities should be, but I'm trying to see whether there's equality with any of the listings, and the listings, really, I don't find a specific one for this particular tumor. But with this involvement of bone, and the doubts on the activity, I think there's a very good probability that it's meeting some listing.

* * *

> I have the feeling that with that much sign of activity and new involvement, some malignant lesion here, the plasmacytoma issue, it, it should be a situation of equality.

> That's about as near as I can put my finger to it. If we don't accept that, then, of course, she'd need to be kept at sedentary or less.

(Tr. 60, 62). In addition, when questioned by the ALJ about the basis for his belief that Monjaras' condition was close in equivalence to a listing, Dr. Beard explained:

> ALJ: Based on what?
>
> Beard: Based on my appraisal of the entire picture.
>
> ALJ: Okay.
>
> Beard: Particularly the caustic probable evidence of re[-]activity, and maybe even spread, of the original tumor.

(Tr. 63). He additionally explained when questioned by Monjaras' attorney:

> Attorney: Doctor, would a bone scan be more likely to show an early malignancy if it's skeletal?
>
> Beard: It depends on where it is.
>
> Attorney: Okay.
>
> Beard: Might, and it might not. I mean, I think they've got enough, enough there to satisfy me that there's activity there and a listing is equaled. That's all I can say.
>
> ALJ: Well, can you tell me which listing?
>
> Beard: What?
>
> ALJ: Can you tell me which listing? Which listing?
>
> Beard: I, I, I don't have one for this tumor. You don't have one. See, that's the thing. It's a rare thing.

(Tr. 64).

Dr. Beard's testimony at the administrative hearing about the uncertain status of Monjaras' cancer and the probability for "re-activity" now appears prescient, as only a few short months later, the "relapse" or recurrence of Monjaras' cancer is noted in Dr. Tan's letter. Given Dr. Beard's

8

testimony at the hearing as to the uncertain status of Monjaras' cancer notwithstanding the unremarkable radiological studies from February 2012, the new evidence of Monjaras' relapse is material, the evidence relates to the status of Monjaras's cancer at the time of the administrative hearing, and the new evidence cannot reasonably be viewed as providing a new or recent diagnosis.

Because a fair reading of Dr. Tan's letter suggests that Monjaras' cancer may not have been in remission at the time of the ALJ's decision on May 14, 2012, as was alluded to by Dr. Beard at the administrative hearing, remand pursuant to § 405(g), sentence six, is appropriate.

### V. Conclusion and Order

Based on the foregoing, and the new evidence that the Court determines is material, it is

ORDERED that Plaintiff's Motion for Summary Judgment (Document No. 12) is GRANTED, Defendant's Motion for Summary Judgment (Document No. 11) is DENIED, and this proceeding is REMANDED to the Commissioner pursuant to § 405(g), sentence six, for consideration of new evidence related to Monjaras' "recent relapse and diagnosis of Multiple Myeloma."

Signed at Houston, Texas, this 6th day of November, 2013.